[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
Before the court is defendant's, Globe Indemnity CT Page 7549 Company's ("Globe"), motion for summary judgment against the plaintiff, Stephen Massad ("Massad").
According to Massad's amended complaint, Globe issued a policy to the insured, B.H. Bidwell Son ("Bidwell") "wherein [Globe] agreed to defend and pay all sums which the insured shall become legally obligated to pay as damages because of property damage and other covered hazards by the insured in the operation and conduct of its business as a plumber/heating and cooling specialist." (Plaintiff's amended complaint, count 1, paragraph 2).
Sometime in November of 1990, Massad contracted with Bidwell to install a cooling/heating system in a house that Massad was building. Bidwell's work was allegedly substandard, and caused Massad to suffer damages including cost of completion damages and physical damages to the molding, ceramic tile floors, and other related injury to the property. Massad had to hire another contractor to complete the job, and he eventually brought suit against Bidwell to recover for the damages suffered. Bidwell failed to defend the suit, and judgment was eventually entered in the sum of $29,442.56, plus interest, after a hearing in damages on May 15, 1992.
According to the complaint in this case, Bidwell has not paid any portion of the judgment. Thus, Massad seeks payment from Bidwell's insurer, Globe, pursuant to General Statutes §38a-321.
In its amended answer to Massad's complaint, Globe raises twelve special defenses. The most relevant to the current motion for summary judgment is that it is not obligated to pay Massad under the terms of Bidwell's policy because the alleged damages were not the result of "an occurrence" as that term in defined in the policy. Globe, in its sixth special defense, also asserts that the policy excludes from coverage any property damages caused by a defect in Bidwell's work product or incurred a result of Bidwell's failure to perform a contract in accordance with its terms.
After seeking and receiving the court's permission to file a motion for summary judgment, Globe filed such motion with a supporting memorandum of law. In addition, Globe filed numerous other supporting documents, including deposition CT Page 7550 testimony of Massad, a copy of the insurance policy, a copy of the transcript from Massad's hearing in damages against Bidwell, and other related items.
In contrast, Massad has failed to file an memorandum of law or supporting documents in opposition to Globe's motion. It is noted that a clerk of the court contacted plaintiff's counsel on June 7, 1995, informing counsel that the court had given Globe permission to file a motion for summary judgment, and that the court would thus allow counsel two weeks to submit a brief in opposition thereto. As of the writing of this decision, no brief has been filed with the court.
DISCUSSION
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted.) Scinto v. Stamm, 224 Conn. 524, 530, 620 A.2d 99
(1993).
"Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380. . . . To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts in accordance with Practice Book §§ 380 and 381, which contradict those stated in the movant's affidavits and documents." (Citations omitted; internal quotation marks omitted.) State v. Goggin, 208 Conn. 606, 616-617,546 A.2d 250 (1988).
After a careful review of the insurance policy that is CT Page 7551 the subject of this suit, the court finds that Globe's motion for summary judgment should be granted.
Paragraph 1a of Section I of the policy entitled "Coverages" states that, "[w]e will pay those sums that the insured becomes legally obligated to pay as damages because of . . . `property damage' to which this insurance applies." Paragraph 1c further states that "[p]roperty damage that is loss of use of tangible property that is not physically injured shall be deemed to occur at the time of the `occurrence' that caused it." (Defendant's Exhibit E, p. 1).
Section V, paragraph 9 of the policy subsequently states that the term "[o]ccurrence means an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Defendant's exhibit E, p. 9).
Globe's main assertion in support of its motion is that the damages that Massad allegedly suffered were not the result of an accident or a repeated exposure to substantially the same general harmful conditions. Globe claims that Massad's damages are a result of Bidwell's breach of its initial contract with Massad. Thus, there being no occurrence or accident other than a breach of contract, Globe states that there can be no valid claim for insurance coverage under the policy for the damages allegedly suffered. Massad has not submitted any documentation that would refute Globe's assertion.
A review of Massad's initial complaint, (Defendant's exhibit B), against Bidwell supports Globe's view. Excepting count one, which alleges a cause of action under CUTPA, and count four, which alleges a claim for emotional distress for Bidwell's failure to complete the contract, counts two and three specifically state that Bidwell's planning and installation of the heating and cooling system was defective and failed to live up the contract terms entered into between Massad and Bidwell. Count two seeks restitution for monies allegedly paid by Massad in excess of the original contract price. Count three alleges a breach of the contract for Bidwell's failure to provide an oil tank in accordance with the contract's specifications.
There is no allegation that Bidwell failed to complete the contract as a result of an accident or occurrence. CT Page 7552 Rather, the initial complaint from which Massad now seeks to enforce his judgment in this action simply states a cause of action based on a breach of contract premised on Bidwell's poor workmanship, poor engineering, and inadequate equipment and machinery. Such "damage" is not covered under the terms of Bidwell's policy.
Based on the above, in conjunction with Massad's failure to demonstrate a material issue of fact by submitting opposing documentation or exhibits, it is respectfully submitted that Globe's motion for summary judgment should be granted.
CONCLUSION
For the above stated reasons, Globe's motion for summary judgment is granted.
Hurley, J.